IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 JUL -7  A 10: 12

CLERK M. akins
SO. DIST. OF GA.

AU HEALTH SYSTEM, INC., et
al.,

    Plaintiffs,

        v.

AFFILIATED FM INSURANCE
COMPANY,

    Defendant.

*
*
*
*
*
*
*
*
*
*
*

CV 121-019

## O R D E R

Presently pending before the Court is Plaintiffs' motion for reconsideration, or in the alternative, to certify for immediate appeal. (Doc. 51.) Plaintiffs move the Court to reconsider its March 15, 2022 Order (Doc. 44) or certify that Order for immediate appeal. For the reasons that follow, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

The relevant facts are laid out in the Court's March 15, 2022 Order. (See Doc. 44.) In that Order, the Court granted in part and denied in part Plaintiffs' motion for partial judgment on the pleadings (Doc. 13), granted Affiliated FM Insurance Company's ("AFM") motion for partial judgment on the pleadings (Doc. 31), and denied Plaintiffs' motion for oral argument (Doc. 42). Plaintiffs take issue with the Court's decision regarding AFM's motion, which dismissed all of Plaintiffs' claims except for the

claims asserted under the Communicable Disease provisions of the Policy by finding that COVID-19 does not cause "physical loss or damage" (Doc. 44, at 25).  (Doc. 51-1, at 1.)

## II.  LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).  It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff

2

failed to submit evidence prior to entry of original order and failed to show good cause for the omission).   Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).   And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiffs move for reconsideration under both Rules 59(e) and 60(b).   (Doc. 51, at 1.)   Both are proper means for reconsideration; however, the Court typically follows the rule that "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiffs filed their motion for reconsideration within twenty-eight days of the Court's March 15, 2022 Order; therefore, the Court will analyze the motion under Rule 59(e).

Under Rule 59(e), reconsideration is justified when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206,

3

2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007).  However, this Rule "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and alterations omitted).

### III. DISCUSSION

#### A. Motion for Reconsideration

Plaintiffs believe "the Court overlooked the AU Insureds' primary legal arguments that the Policy *does not require* them to show physical loss or damage to property in order to recover." (Doc. 51-1, at 1.)  In reaching its March 15, 2022 decision, the Court found that COVID-19 contamination does not constitute physical loss or damage to insured property, thereby finding no coverage under many of the Policy provisions.  (Doc. 44, at 18.) The Court noted, however, that there is a provision in the Policy titled "Communicable Disease – Property Damage" that provides coverage when there is an actual presence of a communicable disease. (Id. at 17 n.3.)  The Court differentiated this provision because it does not require "physical loss or damage" to trigger coverage like the other provisions under which Plaintiffs sought coverage.  (Id.)  The Court also noted that if the Policy drafters had intended for communicable diseases to constitute "physical loss or damage" in the other provisions, then they would have defined them the same way throughout the Policy.  (Id.)

4

Despite these findings, Plaintiffs believe the Court "overlooked" their argument because "whether COVID-19 causes physical loss or damage to property *under Georgia law* is irrelevant because the Policy that AFM issued to the AU Insureds *by its terms* covers their property and business interruption losses caused by the presence of communicable diseases such as COVID-19." (Doc. 51-1, at 2.) AFM disagrees with Plaintiffs' position and argues the reconsideration motion "is a repeat of the arguments" Plaintiffs already made. (Doc. 52, at 1.) The Court agrees with AFM.

As outlined above, reconsideration under Rule 59(e) requires an intervening change in law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Here, Plaintiffs argue reconsideration is necessary to correct clear error or prevent manifest injustice. (Doc. 51-1, at 5.) The Court does not find that it overlooked any of the AU Insureds' legal arguments and this motion simply rehashes the same arguments Plaintiffs made in opposition to AFM's motion for judgment on the pleadings.

The Court recognizes the Communicable Disease Provisions do not require "physical loss or damage" as most of the Policy provisions do. (Id. at 6-10.) The Court's interpretation of this distinction is that had the drafters intended for the Communicable Disease "property damage" to satisfy the requirements of "physical loss or damage" in the other provisions, they would have used those

terms consistently.  (Doc. 44, at 17 n.3.)  However, the drafters chose different words because "property damage" is not the same as the "physical loss or damage" required under all the other relevant provisions of the Policy.

Essentially, Plaintiffs are requesting the Court re-think what it already thought through.  Plaintiffs' arguments were not ignored; the Court simply found them without merit and addressed them in the footnote on page 17 of its March 15, 2022 Order. Plaintiffs believe "the lack of a 'physical loss or damage' element for the Communicable Disease Coverages necessitates the conclusion that the 'actual presence of communicable disease' is, by definition, 'physical loss or damage' to property."  (Doc. 51-1, at 11.)  The Court, however, finds that the use of "property damage" instead of "physical loss or damage" in titling the Communicable Disease Coverages was done intentionally and does not imply that such disease causes physical loss or damage as required by the other parts of the Policy.  Instead, those provisions are there to recognize that AFM offers coverage for communicable diseases separately since they are not covered under the general policy provisions because communicable diseases do not cause physical loss or damage.  If a communicable disease constituted physical loss or damage pursuant to the Policy, the explicit and separate Communicable Disease provisions would be repetitive and unnecessary.

Additionally, Plaintiffs once again raise the issue that AFM made representations to the Georgia Department of Insurance ("GDOI") that the presence of communicable disease constitutes physical damage to property. (Id. at 2, 13-15.) As the Court explained in its March 15, 2022 Order, "[i]n Georgia, insurance contracts 'are interpreted by ordinary rules of contract construction. . . . Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent.'" (Doc. 44, at 18 (quoting Burkett v. Liberty Mut. Fire Ins. Co., 629 S.E.2d 558, 559-60 (Ga. Ct. App. 2006)).) As the Court explained above, despite Plaintiffs' arguments, it has not reached the conclusion that the Policy terms are ambiguous. Furthermore, the quote that Plaintiffs take from AFM's representations to the GDOI are with regards to "Communicable Disease Cleanup, Removal and Disposal," which claims were not dismissed through the Court's March 15, 2022 Order and which the Court has differentiated as outlined above. (See Doc. 44, at 25 ("[A]ll of Plaintiffs' claims are **DISMISSED** except for the claims asserted under the Communicable Disease provisions of the Policy.").) Based on the foregoing, Plaintiffs' motion for reconsideration is **DENIED**.

## B. Motion to Certify Immediate Appeal

In the alterative, Plaintiffs request the Court certify its March 15, 2022 Order (Doc. 44) for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 51, at 1.) Rule

54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997) (citation omitted). The Court is therefore required "to balance judicial administrative interests and relevant equitable concerns." Id. at 166 (citation omitted). This limits Rule 54(b) certifications "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. (citations omitted). Specifically, such certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. (citation omitted). "[T]he Rule effectively preserves the historic federal policy against piecemeal appeals." Valdez v. Staples, Inc., No. 4:06-cv-0263, 2009 WL 10670242, at *1 (N.D. Ga. June 24, 2009) (quoting Ebrahimi, 114 F.3d at 165-66) (internal quotations omitted).

Plaintiffs argue the March 15, 2022 Order (Doc. 44) "presents a controlling question of law [and] that a substantial ground for difference of opinion exists regarding the AU Insureds' interpretation of the Policy." (Doc. 54, at 8-9.) They believe a certification "is necessitated by judicial economy and warrants immediate appeal." (Id. at 9.)

Following the Eleventh Circuit's guidelines, the Court does not find this is an unusual case that warrants a Rule 54(b) certification. The Court is required "to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 166 (citing Southeast Banking Corp. v. Bassett, 69 F.3d 1539, 1550 (11th Cir. 1995)). Plaintiffs' claims under the various Policy provisions, some of which are still pending before the Court, all arise under the same facts regarding the COVID-19 pandemic. "[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitatant to employ Rule 54(b)" because the Eleventh Circuit "undoubtedly would be required to relearn the same set of facts if and when the case returned . . . on appeal from the district court's final judgment." Id. at 167. Therefore, Plaintiffs' request for certification of appeal is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration, or in the alternative, to certify for immediate appeal (Doc. 51) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of July, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA