IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AU HEALTH SYSTEM, INC.; AU MEDICAL CENTER, INC.; and AU MEDICAL ASSOCIATES, INC., | * * * * | |
| Plaintiffs, | * * | CV 121-019 |
| v. | * * | |
| AFFILIATED FM INSURANCE COMPANY, | * * * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Defendant's bill of costs and Plaintiffs' objection to Defendant's costs and motion to exclude certain requested costs. (Docs. 77, 78.) Because Plaintiffs raise meritorious objections to Defendant's bill of costs, their objections are **SUSTAINED** and their motion to exclude is **GRANTED**.

**I. BACKGROUND**

This case concerned an alleged breach of contract and property insurance dispute arising out of two policies issued by Defendant to Plaintiffs. (Doc. 1.) The Court ultimately granted summary judgment in Defendant's favor on September 28, 2023. (Doc. 75.) On October 27, 2023, Defendant submitted a bill of costs with

supporting documents. (Doc. 77.) Specifically, Defendant seeks the following costs:

> Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ................ $883.85
>
> . . . .
>
> Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case .................. $57.80
>
> . . . .
>
> Other costs...................$9,935.59
>
> Total .................. $10,877.24

(Id. at 1.) The "other costs" include electronically stored information ("ESI") processing and document management, fees for postage, and vendor fees for legal research. (Doc. 77-1, at 1-3.)

On November 10, 2023, Plaintiffs filed an objection to Defendant's bill of costs. (Doc. 78.) Plaintiffs contend Defendant's bill of costs is an improper overreach "[i]n a case with minimal discovery that was resolved by this Court largely on the pleadings and with a narrow ruling on summary judgment." (Id. at 1.) Indeed, Plaintiffs contend the only proper expense claimed by Defendant is $883.85 in costs for depositions. (Id.) In response, Defendant argues the costs Plaintiffs challenge are recoverable. (Doc. 79, at 2-5.)

2

## II. LEGAL STANDARD

Defendant, as the prevailing party in this litigation, is entitled to recover certain costs as a matter of course pursuant to Federal Rule of Civil Procedure 54(d). But the Court's authority to tax costs is statutorily limited to:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under [28 U.S.C. § 1923]; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. Absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920 and may not tax costs not listed in that section. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Even so, as the non-prevailing parties, it is generally Plaintiffs' burden to demonstrate a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co. US, No. 06-81105-CIV, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

## III. DISCUSSION

Plaintiffs contend the Court should exclude four categories of costs put forth by Defendant because "[t]hree of the four

3

categories are not taxable under 28 U.S.C. § 1920: (1) e-discovery processing and data-hosting fees; (2) legal research charges; and (3) postage. As to the fourth (4) category, [Defendant] has not met its burden to show that its purported copying charges can be taxed." (Doc. 78, at 1.) Plaintiffs argue after these costs are excluded from Defendant's bill of costs, the total should be reduced to $883.85. (Id. at 2.) The Court addresses these arguments below.

**A. E-Discovery Processing and Data-hosting Fees**

Defendant's "other costs" include $9,482.88 for "ESI [p]rocessing [and] [d]ocument [m]anagement." (Doc. 77-1, at 1-2.) Of this $9,482.88, $4,216.80 covers charges for monthly document review hosting services from November 2022 to August 2023; $1,275.00 is for monthly database user access fees from November 2022 to March 2023 and May 2023 to August 2023; and $3,991.08 is for processing and loading documents to the server, preparing documents, and reproducing documents. (Id. at 1-3.) Plaintiffs contend these costs are not taxable under § 1920. (Doc. 78, at 3-6.) Defendant argues these costs are recoverable because none of its e-discovery costs were for its own convenience but were incurred to respond to Plaintiffs' discovery requests. (Doc. 79, at 4-5.)

E-discovery costs most closely align with § 1920(4), which allows a prevailing party to recover "[f]ees for exemplification

4

and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); see Harrison v. Belk, Inc., No. 1:15-cv-3743, 2018 WL 10140301, at *2 (N.D. Ga. Jan. 12, 2018), aff'd, 740 F. App'x 708 (11th Cir. 2018) (analyzing claimed e-discovery costs under § 1920(4)); Tsavaris v. Savannah L. Sch., LLC, No. 4:18-cv-125, 2021 WL 261272, at *3 (S.D. Ga. Jan. 26, 2021) (same). The Eleventh Circuit has not yet determined whether e-discovery-related copying costs are recoverable. But, in a case favorably cited by both Parties, the Federal Circuit applied Eleventh Circuit law on this issue. See CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1326 (Fed. Cir. 2013); (Doc. 78, at 3-4; Doc. 79, at 3.). In analyzing the application of 28 U.S.C. § 1920 to e-discovery costs, the Federal Circuit adopted a three-tiered framework to analyze the services provided by e-discovery vendors: (1) copying electronic documents as a whole from their source material (e.g., a computer hard drive); (2) organizing the electronic materials into a database; indexing, decrypting, and de-duplicating the materials; and then filtering and reviewing the materials to determine which ones are privileged or responsive to discovery requests; and (3) exporting electronic documents onto deliverable memory media, such as a hard drive or a DVD. CBT, 737 F.3d at 1328-29. The Federal Circuit determined that activities falling within the second category are probably *not* taxable as costs,

5

whereas activities within the first category are mostly taxable and activities within the third category are taxable. Id. at 1331-32. "While the CBT decision is not controlling, the Court finds CBT persuasive as have other district courts within this circuit." United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc., 291 F. Supp. 3d 1345, 1352 (N.D. Ga. 2017) (collecting cases). Using this framework, the Court analyzes the e-discovery costs Defendant seeks to recover.

1. Monthly Data Hosting and User Access Fees

Defendant seeks $4,216.80 for monthly document review hosting services and $1,275.00 for monthly database user access fees. (Doc. 77-1, at 1-2.) Plaintiffs contend "data hosting" costs and "user access fees" are not taxable under § 1920. (Doc. 78, at 4-5.) Defendant argues these costs are recoverable because without its third-party e-discovery vendor's hosting services, Defendant would not have been able to produce e-discovery documents as they were kept in the ordinary course of business as is required by Federal Rule of Civil Procedure 34. (Doc. 79, at 5.)

The Court finds these costs most likely fall under the second category outlined by CBT and are not taxable. CBT, 737 F.3d at 1328-29. Indeed, several courts within this Circuit have found costs of document hosting and monthly storage cannot be taxed. See Tsavaris, 2021 WL 261272, at *3 (collecting cases); Northstar Healthcare Consulting, LLC v. Magellan Health, Inc., No. 1:17-CV-

6

1071, 2020 WL 10486261, at *2 (N.D. Ga. June 11, 2020) (finding "hosting ESI" was not taxable). The Court finds these cases persuasive considering § 1920's narrow limitations. See Crawford Fitting Co., 482 U.S. at 445. Furthermore, "[Defendant]'s legal obligation to preserve evidence is not a recoverable cost under § 1920." Harrison, 2018 WL 10140301, at *2. For these reasons, Plaintiffs' objections to Defendant's costs for data hosting and user access fees are **SUSTAINED**.

2. Processing and Loading Fees

Defendant seeks $3,991.08 for processing and loading documents to the server and reproduction fees. (Doc. 77-1, at 1-2.) Plaintiffs contend these "processing" charges are not recoverable without evidence that the purpose of the processing was to make copies. (Doc. 78, at 5; Doc. 81, at 3.) Defendant argues these costs are recoverable and cites to case law where uploading documents has been recoverable because converting ESI from native format to Tagged Image File Format ("TIFF") is the modern equivalent of § 1920's provision pertaining to copying costs. (Doc. 79, at 4 (citing Akanthos Cap. Mgmt., LLC v. CompuCredit Holdings Corp., 2 F. Supp. 3d 1306, 1315 (N.D. Ga. 2014); Tsavaris, 2021 WL 261272, at *4).) Indeed, Defendant contends some of its processing and loading costs were for uploading native ESI documents into a TIFF format and preparing them for production to Plaintiffs. (Id. at 4 n.2.)

7

As Defendant notes and other courts in this Circuit have recognized, "[s]urely some e-discovery costs are taxable." (Id. at 4 (quoting Akanthos, 2 F. Supp. 3d at 1315).) When courts have found an e-discovery cost taxable, these costs have often been the "modern-day equivalent of paper copying that would be taxable as necessary copying costs." Akanthos, 2 F. Supp. 3d at 1316 (internal quotation marks and citation omitted). Indeed, converting files to TIFF has been considered modern-day copying. Id. Of the $3,991.08 for processing and loading documents in Defendant's invoice, it contends $3,841.08 was for updating native documents into a TIFF format. (Doc. 77-1, at 1-2; Doc. 79, at 4 n.2.) Because Defendant claims some of these costs are for copying, the Court finds these particular costs may be taxable under the first category outlined by CBT. CBT, 737 F.3d at 1328-29. The Court, however, finds the remaining $150.00 in document loading fees falls under the second category and is not taxable. Thus, the Court **SUSTAINS** Plaintiff's objections to this charge.

As to the amount Defendant contends is for converting documents from their native format, the Court finds that, while these costs may be taxable, Defendant has not carried its burden to show it is entitled to recover such costs. When a prevailing party seeks costs for copies, that party "has the burden of showing that the copies were necessarily obtained for use in the case." Sheffield v. State Farm Fire & Cas. Co., No. 5:14-CV-38, 2016 WL

8

5415015, at *4 (S.D. Ga. Sept. 26, 2016) (internal quotation marks and citation omitted). "Unsubstantiated claims that particular documents were necessary — or that the copies all fit into the broad universe of what is taxable — are insufficient." Id. (internal quotation marks and citation omitted). Indeed, "[t]he party seeking to recover these costs must show that the copies were necessary and provided either to the court or the opposing party." Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995). Here, Defendant provided only a cursory overview of its costs, and its invoices provide no insight into the breakdown of the costs for the Court to determine whether the documents were necessarily obtained for use in the case. Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (sustaining an objection for unspecified copying costs when the party seeking to recover costs did not provide sufficient information to allow the court to determine whether the documents were necessarily obtained); Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) ("The court did not err in disallowing the photocopying costs. Plaintiffs did not present required evidence regarding the documents copied including their use or intended use." (citation omitted)). General costs of copies are not covered, and Defendant must provide more than a bare assertion that the costs were for necessary copying. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (per curiam)

9

(holding that "costs such as general copying . . . are clearly nonrecoverable" under § 1920). For these reasons, the Court finds Defendant has not carried its burden to show the conversion of these documents was taxable copying and **SUSTAINS** Plaintiffs' objections.

### B. Legal Research Charges

Defendant also seeks $262.54 for vendor fees for necessary legal research. (Doc. 77-1, at 3.) Plaintiffs argue these expenses are clearly not recoverable. (Doc. 78, at 6.) Defendant does not respond to this objection. (See Doc. 79.) The Eleventh Circuit has determined "computerized legal research . . . [is] clearly nonrecoverable" under § 1920. Duckworth, 97 F.3d at 1399 (citations omitted). The Court thus **SUSTAINS** Plaintiffs' objection to this cost.

### C. Postage

Defendant seeks $190.17 for "necessary postage." (Doc. 77-1, at 3.) Plaintiffs argue postage is clearly nonrecoverable under § 1920 and this cost should be excluded from Defendant's bill. (Doc. 78, at 6-7.) Defendant contends the costs are recoverable because they were incurred to send packages of deposition exhibits to its employees to prepare them for remote depositions and were necessary due to Plaintiffs' choice to pursue deposition discovery. (Doc. 79, at 5.) The Eleventh Circuit has made clear postage is not a cost anticipated by § 1920 and is therefore not

recoverable. Duckworth, 97 F.3d at 1399 (citations omitted). Defendant argues, without citation to any authority, that these postage costs should be recoverable. (Doc. 79, at 5.) Defendant's argument seems to relate to § 1920's provision allowing recovery for costs of deposition transcripts. See 28 U.S.C. § 1920(2). Given that costs for deposition preparation are not explicitly allowed by § 1920 and the Eleventh Circuit's preference for a narrow construction of § 1920, the Court finds these costs for postage are not recoverable and Plaintiffs' objection is **SUSTAINED**. See Akanthos, 2 F. Supp. 3d at 1310 (citations omitted).

**D. Copying Charges**

Finally, Defendant seeks $57.80 in fees for exemplification and costs of making copies. (Doc. 77, at 1.) Plaintiffs contend Defendant has not carried its burden to prove these costs were necessarily obtained for use in the case as required by § 1920. (Doc. 78, at 7.) Defendant does not respond to Plaintiffs' argument. (See Doc. 79.)

As explained above, while it is generally the non-prevailing party's burden to demonstrate a challenged cost is not taxable under Rule 54, there are certain instances where the prevailing party must demonstrate the fees were necessary and thus recoverable. See Davis v. Williams, No. CV 508-041, 2010 WL 1955935, at *1 (S.D. Ga. May 13, 2010) (citation omitted). The

11

party moving for the taxation of costs of photocopies must present evidence to prove they were "necessarily obtained for use in the case" as required by § 1920(4). See Cullens, 29 F.3d at 1494; Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." (citations omitted)). Here, Defendant describes its fees for making copies simply as a "photocopying expense" and provides no evidence, argument, or support for why this cost was necessary and thus recoverable. (Doc. 77-1, at 1; see also Doc. 79.) Based on the lack of support in the record, the Court finds Defendant has not carried its burden to show the cost of copying was necessary and **SUSTAINS** Plaintiffs' objections.

### IV. CONCLUSION

In sum, Plaintiffs' objections to Defendant's bill of costs (Doc. 78) are **SUSTAINED** and Plaintiffs' motion to exclude certain costs is **GRANTED**. The Clerk is **ORDERED** to tax costs in the following amount: $883.85 against Plaintiffs and in favor of Defendant.

**ORDER ENTERED** at Augusta, Georgia this 26th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA